**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BRUNSON ROBERTS
ADC #127841**                                                                                       **PLAINTIFF**

**V.**                    **CASE NO. 5:12CV00166 SWW/BD**

**M. AUSTIN and
ESTELLA MURRAY/BLAND**                                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background:

Plaintiff Brunson Roberts, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendants Murray/Bland and Austin acted with deliberate indifference to his medical needs and retaliated against him. (Docket entry #2) The Court previously dismissed Mr. Roberts's deliberate-indifference claim. (#44)

Defendants Murray/Bland and Austin have now moved for summary judgment, arguing that Mr. Roberts's retaliation claim fails as a matter of law. (#46) Mr. Roberts has responded to the Defendants' motion. (#52) The Defendants did not reply to Mr. Roberts's response. Based on the evidence presented, the Court recommends that the motion for summary judgment (#46) be GRANTED.

## III. Discussion:

A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving party must first present evidence that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If a plaintiff does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

  B. Exhaustion

Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Whether a prisoner has properly exhausted administrative remedies turns on the specifics of prison policy.  *Jones v. Bock*, 549 U.S. 199, 923 (2007).  Prisoners can be excused from exhausting administrative remedies, but only when correction officials have


prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

The Defendants contend that Mr. Roberts did not exhaust his claims against them set out in this lawsuit. They concede that Mr. Roberts fully exhausted five grievances from January 26, 2011, through May 8, 2012, CU-11-881, CU-11-934, CU-11-2442, CU-11-2464, and CU-2465. (#48-1 at p.2) Of those grievances, however, only one grievance, CU-11-2464, referenced retaliatory conduct by either Defendant Murray/Bland or Austin.[1] In that grievance, Mr. Roberts stated: "Since I have filed a lawsuit against CMS, Ms. Murray has discontinued . . . shampoo, lotion, and now shoes." (#40 at p.8) He requested that, "Ms. Austin and Ms. Murray to tell me why [I am] being refused medical treatment." (#40 at p.8)

The Defendants agree that Mr. Roberts fully exhausted the retaliation claim against Defendant Murray/Bland raised in grievance CU-11-2464. They argue, however, that the retaliation claim raised in that grievance differs from the retaliation claim raised against her in this lawsuit.

---

[1] Although Mr. Roberts filed another grievance claiming that Defendant Murray/Bland denied him medicated shampoo because he filed a grievance against her, he did not fully exhaust that grievance. (#48-1 at p.22) His appeal was denied because he did not provide the documents required by the ADC grievance policy. (#48-1 at p.23)

In addition, the Defendants argue that Mr. Roberts did not fully exhaust his retaliation claim against Defendant Austin because he did not claim that she retaliated against him in grievance CU-11-2464; rather, he simply inquired as to why she was failing to provide him medical treatment.

Based on the undisputed evidence, Mr. Roberts failed to exhaust his retaliation claim against Defendant Austin.  He has not come forward with any proof to rebut the evidence showing that he did not fully exhaust the claims brought against Defendant Austin.  Mr. Roberts has submitted additional grievances regarding Defendant Murray/Bland's alleged retaliatory conduct, but he does not mention Defendant Austin in those grievances.  (#52 at pp.8, 11)  As a result, his claim against Defendant Austin should be dismissed, without prejudice for failure to exhaust.

A further discussion is warranted as to Mr. Roberts's retaliation claim against Defendant Murray/Bland.  In his complaint, Mr. Roberts alleges that he began experiencing problems receiving certain medical products after he filed a civil lawsuit in March 2010.  He alleges that, "[t]his is the crux of events that started happening when the Plaintiff filed his lawsuit on March 8, 2010[,] which the plaintiff can only describe as retaliation."[2]  (#2 at p.5)

---

[2] Mr. Roberts first complained about the lack of medical treatment that he received while at the Varner Supermax Unit of the ADC from May through December 2010, he did not mention Defendant Murray/Bland in those allegations.  (#2 at p.5)

Mr. Roberts alleges that several months after he was transferred to the Cummins Unit of the ADC, he was seen by Defendant Murray/Bland. (#2 at p.7) He says that during that encounter, he showed Defendant Murray/Bland a grievance he had written regarding her alleged failure to provide him with medicated shampoo. According to Mr. Roberts, Defendant Murray/Bland told him she would not re-order the shampoo because he had filed a grievance against her. (#2 at pp.7-8)

In his complaint, Mr. Roberts also alleges that in December 2011, he spoke with Defendant Murray/Bland about the continuing problems that he had obtaining orthopedic shoes, as well as other medical products, since filing his March, 2010 lawsuit. (#2 at p.8) Based on the allegations contained in Mr. Roberts's complaint, and drawing all inferences in his favor, Mr. Roberts fully exhausted his claim that Defendant Murray/Bland failed to provide him with medical products in retaliation for exercising his First Amendment rights. As a result, Defendant Murray/Bland is not entitled to judgment as a matter of law on this basis.[3]

---

[3] In response to the Defendants' motion, Mr. Roberts presents two additional grievances filed between January 26, 2011, and May 8, 2012. In those grievances, he complains that Defendant Murray/Bland retaliated against him by failing to provide him a "double cuff" script. (#52 at pp.8, 11) Mr. Roberts appealed both grievances to the Chief Deputy/Deputy/Assistant Director. (#52 at p.10, 13) Those grievances were not included in the list of fully exhausted grievances provided by the Defendants, but it appears that those grievances were fully exhausted. Mr. Roberts, however, did not include any allegations regarding Defendant Murray/Bland's alleged failure to provide him a "double cuff" script in his complaint; nor did he fully exhaust his claim that Defendant Murray/Bland failed to provide him medicated shampoo in retaliation for his use of the grievance procedure. Accordingly, those claims should be dismissed, without prejudice.

B.  Retaliation

Although, Mr. Roberts exhausted his retaliation claim against Defendant Murray/Bland, the undiputed evidence shows that this Defendants' actions, as alleged in the Complaint, did not impinge Mr. Roberts's First Amendment rights. To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The test for determining whether there was a threat of retaliation is whether a defendant's acts or statements, "would chill a person of ordinary firmness from continuing in the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (2004)).

Here, assuming Mr. Roberts's version of events to be accurate, there is no evidence that Defendant Murray/Bland's actions had a chilling effect. After Mr. Roberts claims that Ms. Murray/Bland retaliated against him for filing the 2010 lawsuit, he filed the instant lawsuit on May 8, 2012. In addition, he filed another civil rights lawsuit in this Court on May 30, 2012. See *Roberts v. Herrington*, E.D. Ark. Case No. 5:12cv188 DPM/HDY. As evidenced by his filing multiple lawsuits after Defendant Murray/Bland allegedly denied him specific medical products, he has failed to prove that her conduct would chill a person of ordinary firmness from continuing to file civil rights lawsuits.

## IV.     Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#46) be GRANTED. Mr. Roberts's retaliation claim against Defendant Austin should be DISMISSED, without prejudice. His claim that Defendant Murray/Bland denied him specific medical products, including orthopedic shoes, medicated shampoo, and lotion, should be DISMISSED, with prejudice.

To the extent that Mr. Roberts claims that Defendant Murray/Bland retaliated against him for using the grievance procedure or that she retaliated against him by denying him a "double cuff" script, those claims should be DISMISSED, without prejudice.

DATED this 18th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE